09 CV 7352
JUDGE KOELTL
FILE COPY
AUG 20 2009
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE WINSTON GEM CORP., <br><br> Plaintiff, <br><br> v. <br><br> HARRY WINSTON, INC. and <br> HARRY WINSTON S.A. <br><br> Defendants. | "ECF CASE" <br><br> Civil Action No. _____ <br><br> **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT** |

Plaintiff Bruce Winston Gem Corp., by and through its attorneys Ostrager Chong Flaherty & Broitman P.C., complaining of defendants Harry Winston, Inc. and Harry Winston S.A. (collectively, "Defendants"), avers as follows:

### Nature of Action

1. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, plaintiff brings this Complaint against Defendants for a declaratory judgment, pursuant to 28 U.S.C. § 2201, that plaintiff's use of the trademarks BRUCE WINSTON, BRUCE WINSTON GEM and the letters "BW" in a stylized logo format (the "BW Logo")(collectively, the "BRUCE WINSTON Trademarks"), in connection with the sale of jewelry does not infringe Defendants' trademarks. Plaintiff further seeks an order pursuant to 15 U.S.C. § 1119 directing the United States Patent and Trademark Office's Trademark Trial and Appeal Board to dismiss Defendants' claims against plaintiff in Trademark Opposition No. 91153147 and issue a registration to plaintiff for its trademark BRUCE WINSTON as set forth in U.S. Trademark Application No. 76/277,029 upon compliance with Trademark Office's procedural rules.

## The Parties

2.  Plaintiff Bruce Winston Gem Corp. ("BWG") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 608 Fifth Avenue, New York, NY 10020. Since in or about June 2001, BWG has been in the business of producing and selling jewelry under the BRUCE WINSTON Trademarks.

3.  Defendant Harry Winston, Inc. ("HWI") is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 718 Fifth Avenue, New York, NY 10019. On or about September 2006, HWI, including all of its subsidiaries, was acquired by Aber Diamond Corporation. In November 2007, Aber Diamond Corporation changed its name to the Harry Winston Diamond Corporation ("HWDC"). HWI is the retail division of HWDC.

4.  Defendant Harry Winston S.A. ("HWSA") is a corporation organized and existing under the laws of Switzerland, having a place of business at Quai General Guisan 24, Geneva, Switzerland. HWSA is a wholly owned subsidiary of HWI and successor to Harry Winston Ultimate Timepiece S.A. ("HWUT"). HWSA through and with its representatives, subsidiaries, affiliates and distributors is a manufacturer and distributor of timepieces. Upon information and belief, HWSA has been, and is now, doing business in this Judicial District and elsewhere through its sales representatives, subsidiaries, affiliates, and distributors.

5.  Defendants are the named assignees of the following U.S. Trademark Registrations (collectively referred to as the "HARRY WINSTON Trademarks"):

   a. WINSTON - Registration No. 848,629, Registered May 7, 1968, "jewelry and polished diamonds."

   b. HW HARRY WINSTON (in Stylized Logo Format) - Registration No. 1,747,040, Registered January 19, 1993, "[jewelry]; namely, crowns, necklaces, sets of jewels, brooches, bracelets, rings,

earrings, cufflinks; horological and chronometric instruments; namely, wrist-watches, pocket watches, table watches, clocks, alarm-clocks, watch bracelets, bracelet fasteners, watch cases; jewel cases in precious metals, precious and semi-precious stones;

c. HW HARRY WINSTON (in Stylized Logo Format) - Registration No. 2,112,912, Registered November 11, 1997, handwriting instruments, namely, pens, fountain pens, ballpoint pens, writing pens;

d. HW (in Stylized Logo Format) - Registration No. 2,390,073, registered September 26, 2000, handwriting instruments, pens, fountain-pens, ballpoint pens, writing pens;

e. HW HARRY WINSTON THE OCEAN COLLECTION – Registration No. 2,461,192, Registered June 19, 2001, precious metals and their alloys sold in bulk; goods of precious metal or coated therewith, namely, crowns, necklaces, sets of jewels, brooches, bracelets, rings, earrings, cufflinks; jewel cases in precious metals; precious and semi-precious stones; jewelry, precious gemstones; chronometric instruments, namely, watches and clocks, watch bracelets, bracelet fasteners, watch cases; chronometers.

### Jurisdiction and Venue

6. Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq. and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

### Background Facts

9. HWI was founded by the famed jeweler Harry Winston in or about 1932. HWI has been using the trademark HARRY WINSTON in connection with the sale of jewelry since its organization.

10. Harry Winston died in 1978 and was survived by his wife Edna and their sons, Bruce Winston and Ronald Winston. Upon Edna's death in 1986, Bruce and Ronald each inherited 50 percent ownership interests in HWI, but Bruce and Ronald disputed certain aspects of the disposition of their parents' estate, which resulted in many years of litigation. Until the estate litigations were settled in 2000, both brothers where joint owners of HWI, and until 1991 Bruce Winston was a member of the Board of Directors of HWI.

11. Bruce Winston was employed by HWI in or about 1963 at age 19 and continued to work in the family business of HWI until 1991.

12. In or about 1991, Ronald Winston fired his brother Bruce Winston and excluded him from the family business. Bruce Winston retained his 50 percent ownership of HWI until concluding a settlement agreement with Ronald Winston regarding the estate litigations in December 2000. The settlement agreement in no respect limited Bruce Winston's right to use his name as a trademark in the jewelry field.

13. Thereafter, in or about June 2001, Bruce Winston organized BWG, which has been active in the marketing of fine jewelry to the present date. Bruce Winston is presently the Chairman of the Board of Directors of BWG and is active in the management of the business.

### The Parties' Course of Conduct Creating an Actual Controversy

14. Since its inception, BWG has marketed and sold fine jewelry from its business offices on the third floor at 608 Fifth Avenue, New York, New York. The signage at BWG's business offices prominently displays BWG's trade name BRUCE WINSTON GEM CORP. BWG's business stationery also prominently displays the BWG trade name. All jewelry sold by BWG is delivered to its customers in boxes labeled with the trademark BRUCE WINSTON GEM and the BW Logo. Attached as Exhibit 1 are representative

4

specimens of BRUCE WINSTON GEM jewelry boxes. When space on the jewelry pieces permits, the hallmark BRUCE WINSTON is laser stamped directly into BWG's jewelry pieces. BWG's total sales of jewelry from its organization to the present under the BRUCE WINSTON Trademarks have been in excess of $16 million.

15. In June 2002, BWG placed an emerald and diamond ring having a BRUCE WINSTON marking with Sotheby's for an auction taking place June 12, 2002. HWI, through counsel on June 5, 2002, sent a letter to Sotheby's asserting that its association of BWG's emerald and diamond ring with the word WINSTON "is an infringement of Harry Winston, Inc.'s trademark rights" including U.S. Registration No. 848,629. HWI further demanded that Sotheby's "withdraw the emerald and diamond ring from the auction and that you make no further use of the mark WINSTON, alone or in conjunction with other words, to advertise or promote any item of jewelry other than an item originating with Harry Winston, Inc."

16. On June 7, 2002, HWI's counsel sent a further letter to Sotheby's reiterating that HWI regards Sotheby's offering of a BRUCE WINSTON marked jewelry piece as an infringement of HWI's trademark rights and advising that "I have been authorized to file a TRO in the event I do not receive confirmation from you by the close of business today that the piece has been withdrawn from the auction."

17. Sotheby's advised BWG of HWI's demands. To avoid legal controversy, BWG complied with HWI's demands, and withdrew its diamond ring from Sotheby's June 12, 2002 auction, but otherwise continued its business.

18. On or about June 27, 2002, BWG filed an "intent-to-use" U.S. Trademark Application Serial No. 76/277,029 for the trademark BRUCE WINSTON as applied to

"gemstones, precious and semi-precious, and fine jewelry; namely, bracelets, brooches, chains, cufflinks, earrings, necklaces, pendants, pins, rings, and tie tacks." The United States Patent and Trademark Office allowed the application and issued a Notice of Publication dated July 3, 2002.

19. On or about September 16, 2002, HWI and HWUT filed a Notice of Opposition in the United States Patent and Trademark Office's Trademark Trial and Appeal Board opposing BWG's application to register its BRUCE WINSTON mark, asserting that BWG's use and registration of the BRUCE WINSTON mark in the jewelry field will cause confusion with their HARRY WINSTON Trademarks (the "TTAB proceeding"). The TTAB proceeding was assigned Opposition No. 91153147.

20. HWSA was substituted for HWUT as a party opposer in the TTAB proceeding.

21. From early 2003 to June 2005, the TTAB proceeding was suspended while the parties engaged in settlement discussions. Thereafter, motions were filed regarding the pleadings, which resulted in a further suspension of the TTAB proceeding until about September 2008. At that time, Defendants filed a summary judgment motion, which further delayed the TTAB proceeding. The TTAB denied Defendants' motion in April 2009, and set a trial schedule, which provides for testimony periods to continue until February 9, 2010 and trial brief deadlines that continue to July 1, 2010. The TTAB will not render a decision in the TTAB proceeding for an indeterminate period of time after July 1, 2010.

22. The only issue in the TTAB proceeding is whether BWG is entitled to registration of the BRUCE WINSTON trademark set forth in BWG's application. The TTAB does not have jurisdiction to resolve claims relating to BWG's right to use the BRUCE WINSTON Trademarks and Defendants' claims of infringement.

23.     Throughout the period of the TTAB proceeding, and as recent as August 18, 2009, the parties have engaged in settlement discussions, which have been unsuccessful. BWG believes that Defendants have no interest other than to prevent BWG from using the BRUCE WINSTON Trademarks and to restrict BWG's business.

24.     Upon information and belief, HWI has communicated, and continues to communicate, to the jewelry industry that BWG is infringing its trademarks and not authorized to use the BRUCE WINSTON Trademarks.

25.     As a result of these communications, BWG's marketing and sales activities have been restricted. In or about the summer of 2008, BWG attempted to place a jewelry piece for auction at Sotheby's, but it was rejected because of the ongoing dispute with HWI. On August 19, 2009, BWG attempted to place jewelry with Sotheby's, but was again advised that Sotheby's could not accept a BRUCE WINSTON marked piece.

26.     BWG plans to attend a trade show at Javits Center in December 2009, and is preparing a fall advertising campaign, including placement of advertisements in the New York Times and other media. BWG has retained an advertising agency and expects that its advertising campaign will begin within the next several weeks.

27.     Defendants' conduct in their objection to BWG's placement of jewelry pieces with Sotheby's, their ongoing assertions in the TTAB proceedings that BWG is engaging in impropriety by its use of the BRUCE WINSTON trademark, and the parties' failed settlement discussions, has created a real and reasonable apprehension of liability on the part of BWG. The foregoing makes it manifest that Defendants assert BWG's current marketing activities infringe their trademark rights and will vigorously challenge BWG's Fall marketing plans.

28.  During the course of the ongoing TTAB proceeding, BWG has acquiesced to and complied with Defendants' demands that BWG restrict its marketing and sales activities. Settlement discussions have failed. BWG is now committed to proceeding with its business without restriction, including attending trade shows, placing pieces with New York City auction houses, and advertising in major media outlets, and has commenced such marketing activities. BWG's expanding marketing activities will cause Defendants to assert that BWG's activities conflict with Defendants' trademark rights. BWG most respectfully seeks declaratory judgment relief to permit it to conduct its business without further interference by Defendants.

### First Claim For Relief

**(Declaratory Judgment – Non-Infringement)**

29.  BWG repeats and realleges each of the averments contained in paragraphs 1 through 28 as if fully set forth herein.

30.  This cause of action is for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

31.  BWG owns the common law rights for the BRUCE WINSTON Trademarks as applied to jewelry, and has used the BRUCE WINSTON Trademarks in commerce since at least as early as November 2002.

32.  Defendants have alleged that BWG's use of the BRUCE WINSTON Trademarks and registration of its BRUCE WINSTON mark constitutes a violation of Defendants' trademark rights.

33. A bona fide, actual, present, practical need for declaration as to the parties' rights exists. The declaration deals with a present ascertained or ascertainable state of facts or present controversy as to a state of facts.

34. The parties have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter in fact or law.

35. All antagonistic and adverse interests are before the court for proper adjudication and not merely to seek the advice of the court.

36. BWG is being damaged by the continued uncertainty created by Defendants with respect to the legitimate use of the BRUCE WINSTON Trademarks. Accordingly, BWG seeks a declaratory judgment from the Court that use of its BRUCE WINSTON Trademarks in connection with the marketing and sale of jewelry does not infringe Defendants' HARRY WINSTON Trademarks, or otherwise violate any of Defendants' rights.

## Second Claim For Relief

### (Declaratory Judgment - Registrability)

37. BWG repeats and realleges each of the averments contained in paragraphs 1 through 36 as if fully set forth herein.

38. There is no likelihood of confusion between the trademark BRUCE WINSTON as set forth in BWG's U.S. Trademark Application No. 76/277,029 and Defendants' HARRY WINSTON Trademarks.

39. Accordingly, BWG is entitled to registration of its trademark BRUCE WINSTON.

40. Pursuant to 35 U.S.C. § 1119, BWG requests that the Court direct the Trademark Trial and Appeal Board to dismiss Defendants' claims against BWG in the TTAB proceeding and issue a registration to BWG for its trademark BRUCE WINSTON upon compliance with U.S. Trademark Office's procedural rules.

WHEREFORE, plaintiff Bruce Winston Gem Corp. prays for the following relief:

A. An Order declaring BWG's use of its trademarks BRUCE WINSTON, BRUCE WINSTON GEM and the BW Logo in connection with the marketing and sale of jewelry do not infringe Defendants' HARRY WINSTON Trademarks or violate any related rights of Defendants;

B. An Order declaring BWG's use of its trade name BRUCE WINSTON GEM CORP. in connection with the marketing and sale of jewelry does not infringe Defendants' HARRY WINSTON Trademarks or violate any related rights of Defendants;

C. An Order pursuant to 15 U.S.C. § 1119 directing the Trademark Trial and Appeal Board to dismiss Defendants' claims against BWG in the TTAB proceeding and issue a registration to BWG for its trademark BRUCE WINSTON as set forth in U.S. Trademark Application No. 76/277,029 upon compliance with Trademark Office's procedural rules.

D. Awarding BWG such other relief as the Court may deem fair and just.

Dated: New York, New York
      August 20, 2009

Respectfully submitted,

OSTRAGER CHONG FLAHERTY
&amp; BROITMAN P.C.

By: /s/ Glenn Ostrager
    Glenn F. Ostrager
    Joshua S. Broitman

570 Lexington Avenue
New York, New York 10022-6894
(212) 681-0600

*Attorneys for Plaintiff Bruce Winston Gem Corp.*