# EXHIBIT E



## ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE

Joseph R. Dreitler.
614.559-7280
jdreitler@fbtlaw.com

June 13, 2007

| FOR SETTLEMENT PURPOSES ONLY – WITHOUT PREJUDICE |

*Via e-mail : gostrager@ocfblaw.com*

Glenn F. Ostrager, Esq.
Ostrager Chong Flaherty & Broitman P.C.
570 Lexington Avenue
New York, NY 10022-6894

  Re: Harry Winston, Inc. v. Bruce Winston

Dear Glenn:

  This follows up on your email of June 7th which asked what terms my client would find acceptable to settle this matter.

  We have given your question a great deal of thought to try and come up with a proposal that would satisfy the respective parties' business needs. From my client's standpoint, the business need is to vigilantly protect both the "Winston" and "Harry Winston" trademarks in the luxury goods category for the long term. From our perspective, this means stopping, eliminating or significantly reducing any third party use. This is the only way that my client can protect "Winston", which is a world renowned luxury goods mark, like "Vuitton" and others in that category. We hope that you will make certain that your client understands that our actions are most certainly not personal. However, you can appreciate that there are certain actions my client must undertake in order to be successful in its long range strategic business plan.

  Which is why we have great difficulty coming up with a solution to this matter that meets our respective business needs. My client is willing, for purpose of settlement discussions, to have Bruce Winston use his personal name in connection with his own business during his lifetime under certain conditions. However, once Bruce Winston passes, my client is not willing to see this name used on a competitive jewelry business, much less have use of the name expanded by unrelated third parties/corporations. We believe that would dilute the Harry Winston brand that my client has spent considerable money to acquire and develop, and will continue to spend significant sums to expand this brand in terms of recognition and value.

Glenn F. Ostranger, Esq.
June 13, 2007
Page 2

      As we have indicated before, my client is taking this position on a consistent basis going forward with respect to any third party use of "Winston" in the jewelry field. To the extent your client has an interest in resolving this matter under terms that would permit his use of his name (under certain conditions) during his lifetime, we are very much interested in beginning a dialogue that ends this dispute. Best regards.

                Sincerely,

                Joseph R. Dreitler

JRD/maj