EXHIBIT H

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## TRADEMARK TRIAL AND APPEAL BOARD

IN THE MATTER OF:   Trademark Application Serial No. 76/277,029

DATE OF PUBLICATION:   July 23, 2002

| | |
|---|---|
| Harry Winston, Inc. <br><br> and <br><br> Harry Winston Ultimate Timepiece S.A., <br><br>　　　　　　Opposers, <br><br>　　v. <br><br> Bruce Winston Gem Corp., <br><br>　　　　　　Applicant. | Opposition No.: 91153147 |

### OPPOSERS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 2.120 (d) of the Trademark Rules of Practice of the Patent and Trademark Office, 27 C.F.R. §§ 2.120, and Federal Rule of Civil Procedure 33, Opposers Harry Winston, Inc. and Harry Winston Ultimate Timepiece S.A. hereby request Applicant Bruce Winston Gem Corp. to produce for inspection and copying by Opposers at the offices of Jones Day, 222 East 41st Street, New York, New York 10017, on the 30th day from Service hereof, the documents and things hereinafter designated. These requests are continuing and impose upon the Applicant the obligations stated in Rule 26 of the Federal Rules of Civil Procedure.

### INSTRUCTIONS

1.　　If a document is responsive to a request for production and is in your control, but is not in your possession or custody, identify the person with possession or custody.

COI-1229654v1


EXHIBIT L

2

2. If any document was, but is no longer in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

3. The singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

4. If you do not produce any document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and identify all documents for which such privilege is claimed.

5. You are to supplement your response to these requests for documents pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

1. The term "Applicant" shall mean and refer to Bruce Winston Gem Corp., its representatives and attorneys.

2. The term "Applicant's mark" means or refers to Applicant's U.S. Trademark Application Serial No.:

> 76/277,029, filed June 27, 2001, for the designation
> BRUCE WINSTON for gemstones, precious and semi-precious, and fine jewelry; namely, bracelets, brooches, chains, cufflinks, earrings, necklaces, pendants, pins, rings, and tie tacks.

3. The term "Bruce Winston" means Mr. Bruce Winston, an individual.

4. The term "Opposers" shall mean and refer to Harry Winston, Inc. and Harry Winston Ultimate Timepiece S.A., its representatives and attorneys.

5. The term "Opposers' marks" means or refers to Opposers' U.S. Trademark Application Serial Nos.:

848,629, filed May 7, 1968, for the designation
WINSTON for jewelry and polished diamonds;

1,457,927, filed September 22, 1987, for the designation
WINSTON for perfume, eau de toilette and cologne;

1,457,928, filed September 22, 1987, for the designation
HARRY WINSTON for perfume, eau de toilette and cologne;

1,747,040, filed January 19, 1993, for the designation
HW HARRY WINSTON for jewellery; namely, crowns, necklaces, sets of jewels, brooches, bracelets, rings, earrings, cufflinks; horological and chronometric instruments; namely, wrist-watches, pocket watches, table watches, clocks, alarm-clocks, watch bracelets, bracelet fasteners, watch cases; jewelcases in precious metals, precious and semi-precious stones;

2,112,912, filed November 11, 1997, for the designation
HW HARRY WINSTON for handwriting instruments, namely, pens, fountain pens, ballpoint pens, writing pens;

2,390,073, filed September 26, 2000, for the designation
HW for handwriting instruments, pens, fountain-pens, ballpoint pens, writing pens;

2,461,192, filed June 19, 2001, for the designation
HW HARRY WINSTON THE OCEAN COLLECTION
for precious metals and their alloys sold in bulk; goods of precious metal or coated therewith, namely, crowns, necklaces, sets of jewels, brooches, bracelets, rings, earrings, cufflinks; jewel cases in precious metals; precious and semi-precious stones; jewelry, precious gemstones; chronometric instruments, namely, watches and clocks, watch bracelets, bracelet fasteners, watch cases; chronometers;

2,538,811, filed February 19, 2002, for the designation
HW HARRY WINSTON THE ULTIMATE PERFUME
for Perfumes and Cosmetics;

2,593,490, filed July 16, 2002, for the designation
HW HARRY WINSTON THE ULTIMATE COLLECTION
for precious metals and their alloys sold in bulk; goods of precious metal or coated therewith, namely, crowns, necklaces, sets of jewels, brooches, bracelets, rings, earrings, cufflinks; jewel cases in precious metals; precious and semi-precious stones; jewelry, precious gemstones; chronometric instruments, namely,

3

watches and clocks, watch bracelets, bracelet fasteners, watch cases; chronometers.

6. The term "document or documents" is used herein in its customary broad sense and includes, without being limited to, the original and all copies (carbon, photocopy, photographic, microfilm, or otherwise) of any written, printed, recorded, graphic or photographic matters of any kind or description however produced, reproduced, coded or stored that are in the possession, custody or control of the Applicant, wherever located, whether an original or a copy, including, without limitation, printed matter, correspondence, memoranda, reports, drafts, specifications, instructions, books or records, minutes of meetings, notes, studies, surveys, tapes, radio or other recordings, films, microfilm, or the like, photographs, sketches and publications. The term "document" or "documents" also includes all copies that are not identical with the original.

7. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

8. The term "referring or relating to" means regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining, dealing with, relating, of referring to in any way, or is in any manner whatsoever pertaining to the subject, including, but not limited to, documents concerning the preparation of other documents.

## REQUESTS

**REQUEST NO. 1:**

Representative documents showing, concerning, or relating to Bruce Winston having established a reputation for himself in the jewelry industry.

**RESPONSE:**

**REQUEST NO. 2:**

Representative documents depicting designs of each piece of jewelry designed by Bruce Winston that were produced or sold by Harry Winston.

**RESPONSE:**

**REQUEST NO. 3:**

Representative documents depicting designs of each piece of jewelry designed by Bruce Winston and produced or sold by Bruce Winston Gem Corp.

**RESPONSE:**

**REQUEST NO 4:**

Representative documents evidencing Applicant's sales, in dollars and in units for each fiscal year, of Applicant's products.

**RESPONSE:**

**REQUEST NO. 5:**

Articles of Incorporation and all amendments for Bruce Winston Gem Corp.

**RESPONSE:**

**REQUEST NO. 6:**

All catalogues or listings for each item of jewelry currently being sold by Bruce Winston Gem Corp.

5

COI-1229654v1

**RESPONSE:**

**REQUEST NO. 7:**

Advertising and marketing brochures for all of Applicant's jewelry products.

**RESPONSE:**

**REQUEST NO. 8:**

All documents referring to or regarding any investigation, research or searching done regarding the availability of Applicant's marks or variants thereof.

**RESPONSE:**

**REQUEST NO. 9:**

Any and all documents from any third party commenting or asking about any connection or affiliation between Applicant and Opposers.

**RESPONSE:**

**REQUEST NO. 10:**

Any and all documents reflecting, referring, evidencing or relating to any searches, surveys, public opinion polls, marketing studies, reports, or other research Applicant has conducted, or caused to be conducted, or has in its possession, relating to Opposers' marks, including, but not limited to, any searches, surveys, polls, studies, reports, or other research relating to the likely confusion between Opposers' marks and Applicant's mark BRUCE WINSTON, and the results thereof.

**RESPONSE:**

6

**REQUEST NO. 11:**

All agreements or licenses between Bruce Winston and Applicant or any third parties that relate to use of Applicant's mark.

**RESPONSE:**


**REQUEST NO. 12:**

All documents relied upon by Applicant in answering Opposers' First Set of Interrogatories.

**RESPONSE:**


**REQUEST NO. 13:**

All articles or references in the media or trade journals that mention or discuss Bruce Winston and his experience or expertise in the jewelry business.

**RESPONSE:**


**REQUEST NO. 14:**

All catalogues or listings for each piece of jewelry designed by Bruce Winston for Applicant.

**RESPONSE:**

7

Case 1:09-cv-07352-JGK   Document 19-9   Filed 10/09/09   Page 9 of 12

**REQUEST NO. 15:**

All documents showing the media, if any, in which Applicant's products bearing Applicant's mark Bruce Winston, and/or any mark containing the designation Winston, are advertised or promoted.

**RESPONSE:**

**REQUEST NO. 16:**

All press releases and public announcements regarding both the forming of Applicant and its business since Applicant has been formed.

**RESPONSE:**

**REQUEST NO. 17:**

All documents between Applicant and any auction house, retailer or distributor relating to the offer to sell or sale of goods bearing the Applicant's mark.

**RESPONSE:**

**REQUEST NO. 18:**

All documents between Applicant and possible sellers, distributors and retailers offering to sell or selling products bearing Applicant's mark.

**RESPONSE:**

**REQUEST NO. 19:**

All documents between Applicant and any person or firm relating to the design or manufacture of jewelry for or on behalf of Applicant.

8
COI-1229654v1

**RESPONSE:**

**REQUEST NO. 20:**

All documents relating to the decision to adopt Applicant's mark as a trademark.

**RESPONSE:**

**REQUEST NO. 21:**

Actual specimens showing the manner in which Applicant's mark is used on goods and/or services.

**RESPONSE:**

**REQUEST NO. 22:**

All documents relating or referring to any instance in which a person has been confused, mistaken or misled as to the source of Applicant's products or company bearing Applicant's mark "Bruce Winston" and/or any mark containing the designation WINSTON.

**RESPONSE:**

**REQUEST NO. 23:**

All correspondence, memoranda and other documents relating to any instance, whether by written correspondence, telephone call, fax, email or other communication in which a person or business entity has inquired about or commented upon:

    (a) any relationship between Applicant's products and Opposers' products;

    (b) any relationship between Applicant or its products or company and Opposers; and/or

9

(c) Opposers or Opposers' products or company.

**RESPONSE:**




**REQUEST NO. 24:**

All documents in the possession, custody or control of Applicant which contain the words "Harry Winston" or the company which markets products bearing the mark "Harry Winston".

**RESPONSE:**




Dated: 3/6/03

Respectfully submitted,

*Joseph Dreitler / (gek)*

Joseph R. Dreitler
Brian J. Downey
Mary R. True
JONES DAY
41 South High Street, Suite 1800
Columbus, OH  43215
Telephone:  (614) 469-3902
Facsimile:  (614) 461-4198

Attorneys for Opposers
HARRY WINSTON, INC. and HARRY
WINSTON ULTIMATE TIMEPIECE S.A.

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing First Set of Requests for Production of Documents was served by first class mail, postage prepaid, on Milagros A. Cepeda, attorney for Applicant, Ostrager Chong & Flaherty, 825 Third Avenue, New York, New York 10022-7519 by regular first class U.S. mail, postage prepaid, this 6th day of March, 2003.

*Cynthia Colonnello*

11