UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE WINSTON GEM CORP.,<br><br>                      Plaintiff,<br><br>v.<br><br>HARRY WINSTON, INC. and<br>HARRY WINSTON S.A.,<br><br>                      Defendants. | "ECF CASE"<br><br>Civil Action No. 09 CV 7353 (JGK)<br><br>DECLARATION OF ELI NHAISSI IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

ELI NHAISSI declares pursuant to 28 U.S.C. §1746:

1.    I am a co-founder, co-owner and the Chief Executive Officer of plaintiff Bruce Winston Gem Corp. ("BWG"), and submit this Declaration in opposition to defendants' motion to dismiss the amended complaint in this action.

2.    In or about June 2001, Bruce Winston and I organized BWG, and soon thereafter BWG began marketing and selling fine jewelry, diamonds and gem stones under the BRUCE WINSTON trademark and "Bruce Winston Gem" trade name from its business offices on the third floor at 608 Fifth Avenue, New York City.

3.    A dispute arose between BWG and plaintiff Harry Winston, Inc. ("HWI") regarding BWG's use of the trademark BRUCE WINSTON in June 2002, when BWG placed an emerald and diamond ring having a BRUCE WINSTON marking with Sotheby's for an auction taking place June 12, 2002. HWI, through counsel, sent letters to Sotheby's asserting that its association of BWG's emerald and diamond ring with the word WINSTON "is an infringement

of Harry Winston, Inc.'s trademark rights" and advising that "I have been authorized to file a TRO in the event I do not receive confirmation from you by the close of business today that the piece has been withdrawn from the auction." Sotheby's advised BWG of HWI's demands. To avoid legal controversy with HWI at that time, BWG complied with HWI's demands, and withdrew its diamond ring from Sotheby's June 12, 2002 auction, but otherwise continued its business.

4.      A few months later, in September 2002, HWI opposed BWG's application to register its BRUCE WINSTON mark in the United States Patent and Trademark Office, asserting that BWG's use and registration of the BRUCE WINSTON mark in the jewelry field will cause confusion with their registrations for the marks WINSTON and HARRY WINSTON (the "TTAB proceeding").

5.      Since 2002, BWG has refrained from engaging in marketing activities that would lead to potential legal sanction in view of HWI's unambiguous threats of litigation in 2002. BWG has engaged in a wholesale jewelry business from its offices in midtown Manhattan, and limited its advertising and sales activities. At the same time, it has endeavored to conclude an amicable business arrangement with defendants to address their concerns regarding BWG's use of the BRUCE WINSTON name in connection with its business.

6.      The foregoing dispute between BWG and defendants has been a cloud over BWG's business, which has restrained BWG's marketing and sales efforts. For example, I met with Sotheby's several times over the past few years, but Sotheby's has refused to accept a BRUCE WINSTON marked jewelry item for auction. I have been told that Sotheby's is not interested in getting involved in the controversy between BWG and the defendants.

2

7. Earlier this year and prior to the filing of the complaint in this action, Bruce Winston and I decided that the dispute with defendants must be resolved so we can expand the BWG business. To that end, we decided to make further investments in marketing and advertising the BWG business, including placing advertisements in the New York Times and other jewelry trade publications, and planning to attend industry trade shows. We also endeavored to try to resolve the dispute with defendants amicably by making several settlement proposals and requesting a meeting with HWI principals.

8. The parties failed discussions and ongoing dispute with defendants have made it manifestly clear to me that BWG's plans to expand its business will lead to further controversy with defendants. BWG brought this action to adjudicate the parties dispute, so that BWG can invest in developing the good will in its business and the BRUCE WINSTON trademark without concern of legal sanction.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       December 4, 2009

_____
ELI NHAISSI

## CERTIFICATE OF SERVICE

I hereby certify that, on the same date of execution of this Certificate, a copy of the foregoing DECLARATION OF ELI NHAISSI IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was served by depositing same in the United States mail, first-class postage prepaid, addressed to:

>Joseph R. Dreitler, Esq.
>Mary R. True, Esq.
>BRICKER & ECKLER, LLP
>100 S. Third Street
>Columbus, OH 43215
>
>- and –
>
>Roger L. Zissu, Esq.
>Jason D. Jones, Esq.
>FROSS ZELNICK LEHRMAN
>  & ZISSU, P.C.
>866 United Nations Plaza
>New York, NY 10017
>
>*Attorneys for Defendants*
>*Harry Winston, Inc. and*
>*Harry Winston S.A.*

Dated: New York, New York
December 4, 2009

_____
Roberto L. Gomez