UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE WINSTON GEM CORP., <br><br> Plaintiff, <br><br> v. <br><br> HARRY WINSTON, INC. and <br> HARRY WINSTON S.A., <br><br> Defendants. | "ECF CASE" <br><br> Civil Action No. 09 CV 7353 (JGK) <br><br> **DECLARATION OF BRUCE WINSTON IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

BRUCE WINSTON declares pursuant to 28 U.S.C. §1746:

1. I am a co-founder and the Chairman of the Board of plaintiff Bruce Winston Gem Corp. ("BWG"), and submit this Declaration in opposition to defendants' motion to dismiss the amended complaint in this action.

2. In their motion to dismiss, defendants assert that BWG's allegations in paragraphs 33 and 34 of the amended complaint concerning a settlement meeting on August 18, 2009 between the parties were "fabricated" and are "untrue." Paragraphs 33 and 34 of the amended complaint allege:

> 33. On August 18, 2009, Bruce Winston met with HWI's CEO, Tom O'Neil [sic], with counsel in attendance, at HWI's New York offices. At the outset of the meeting, Mr. O'Neil [sic] advised that he wished to make a statement. Mr. O'Neil [sic] then advised that Defendants were not agreeable to use by BWG of the trademark BRUCE WINSTON or any variant thereof. Mr. O'Neil [sic] further advised that Defendants were not interested in discussing "restrictions" on the use of the BRUCE WINSTON trademark as a basis for a settlement, and that BWG's present wholesale jewelry business conflicted with Defendants' wholesale business activities.

34.   HWI's statements at the August 18, 2009 made it manifestly clear that the parties have adverse interests relating to BWG's continued "use" of the trademark BRUCE WINSTON in its business that cannot be resolved in an amicable fashion. Defendants rejected proposals by BWG to forego registration of its trademark BRUCE WINSTON in the United States Patent and Trademark Office (the only remedy available to Defendants in the TTAB Proceeding), and affirmatively advised BWG that it will not sanction BWG's continued use of the BRUCE WINSTON Trademarks in any form.

3.   I attended the August 18, 2009 settlement meeting and can verify that the allegations of paragraphs 33 and 34 of the amendment complaint are true and accurate.

4.   Defendants submit declarations from Thomas O'Neill, the CEO of Harry Winston, Inc. ("HWI"), and its counsel which all state that no one representing defendants at the parties' August 18, 2009 settlement meeting "state[d], suggest[ed] or impl[ied]" that defendants would sue BWG.

5.   Contrary to defendants' characterization of the amended complaint, BWG does not allege that BWG "threatened" suit. As set forth in the amended complaint, defendants communicated that there is substantial controversy between the parties regarding BWG's use of the BRUCE WINSTON trademark in the marketplace.

6.   As a result of that meeting, I realized that the dispute between BWG and defendants regarding BWG's use of the BRUCE WINSTON trademark could not be resolved by agreement of the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       December 3, 2009

_____
BRUCE WINSTON

## CERTIFICATE OF SERVICE

I hereby certify that, on the same date of execution of this Certificate, a copy of the foregoing DECLARATION OF BRUCE WINSTON IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS was served by depositing same in the United States mail, first-class postage prepaid, addressed to:

> Joseph R. Dreitler, Esq.
> Mary R. True, Esq.
> BRICKER & ECKLER, LLP
> 100 S. Third Street
> Columbus, OH 43215
>
> - and –
>
> Roger L. Zissu, Esq.
> Jason D. Jones, Esq.
> FROSS ZELNICK LEHRMAN
>   & ZISSU, P.C.
> 866 United Nations Plaza
> New York, NY 10017
>
> *Attorneys for Defendants
> Harry Winston, Inc. and
> Harry Winston S.A.*

Dated: New York, New York
       December 4, 2009

_____
Roberto L. Gomez